UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| SHAUNA GARDNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 3:23CV-15-RGJ |
| | ) | |
| AVERITT EXPRESS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Shauna Gardner ("Gardner"), by counsel, against Defendant, Averitt Express, Inc. ("Defendant"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e. *et. seq.* and the Kentucky Civil Rights Act.

**II. PARTIES**

2. Gardner is a resident of the State of Kentucky, who at all relevant times to this action resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant operates and conducts business within the geographical boundaries of the Western District of Kentucky.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C.§1343 and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b) and KRS3444.030(2).

6. Gardner is an "employee" as that term is defined by 42 U.S.C. §2000e(f) and KRS344.030(5).

7. Gardner satisfied his obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on race, sex, and retaliation. Gardner received her Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Western District of Kentucky; thus, venue is proper in this court.

## IV. FACTUAL ALLEGATIONS

9. Defendant is a freight transportation and supply chain service provider throughout the county, including the state of Kentucky.

10. Gardner, an African American female, was hired by the Defendant on or about April 11, 2016 and works as a Shuttle Driver.

12. During all relevant time periods, Gardner met or exceeded the Defendant's legitimate performance expectations.

13. In 2021, Gardner set a personal goal to drive 4000 miles. As she approached her goal, Defendant started giving longer, better routes to similarly-situated males and Caucasians with less seniority than her. This reduced Gardner's pay.

14. Gardner reported her concerns initially to Dispatchers in Nashville, TN and Cookeville, TN and was never given any reason on why she was now receiving shorter routes. Gardner then went to Pam Ramsey, Director of LTL, and reported her concerns but got the runaround.

15. Finally, on or about June 22, 2021, Gardner reported to her director, Brian Cecil ("Cecil"), that she believed she was being treated differently than her similarly-situated male and/or Caucasian counterparts and requested a rebid. Cecil told Gardner that she was the problem and denied her request for a rebid.

16. The following day, Gardner learned that two Caucasian male drivers, David McGee and Norman (LNU) had been allowed to rebid and/or switch positions to allow for better routes. Gardner also reported her disparate treatment to Travis Evans, Louisville Dispatcher, but nothing was done.

17. As such, Gardner filed a Charge of Discrimination with the Equal Employment Opportunity Commission in June 2021. A mediation was conducted in September 2021.

18. Following the mediation, Defendant continued retaliating against Gardner. Gardner was routinely told that her loads were ready but when she arrived, her truck was still being loaded which caused her delay and to lose out on more lucrative runs. Further, Defendant began disciplining Gardner and suspended her employment.

19. Further, Defendant continued to assign shorter routes to Gardner which has affected her pay.

20. Defendant discriminated against Gardner on the basis of her gender and/or race and retaliated against Gardner for engaging in protected activities.

## V. CAUSES OF ACTION

### COUNT I: VIOLATION OF TITLE VII & KCRA-RACE DISCRIMINATION

21. Gardner hereby incorporates paragraphs one (1) through twenty (20) of her Complaint.

22. Defendant violated Gardner's rights and discriminated against her based on her race.

23. Defendant's actions were intentional, willful, and in reckless disregard of Gardner's rights as protected by Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act.

24. Gardner has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: VIOLATION OF TITLE VII & KCRA-SEX DISCRIMINATION

25. Gardner hereby incorporates paragraphs one (1) through twenty-four (24) of her Complaint.

26. Defendant violated Gardner's rights and discriminated against her based on her sex.

27. Defendant's actions were intentional, willful, and in reckless disregard of Gardner's rights as protected by Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act.

28. Gardner has suffered damages as a result of Defendant's unlawful actions.

## COUNT III: VIOLATION OF KCRA & TITLE VII: RETALIATION

29. Gardner hereby incorporates paragraphs one (1) through twenty-eight (28) of her Complaint.

30. Defendant violated Gardner's rights by retaliating against her for engaging in a protected activity by subjecting her to adverse employment action.

31. Defendant's actions were intentional, willful, and in reckless disregard of Gardner's rights as protected by Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act.

32. Gardner has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Shauna Gardner, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoins Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her race;

2. Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

3. Order that the Plaintiff be awarded any back pay she would have earned, including fringe benefits with related money benefits and interests thereon, absent Defendant's unlawful acts;

4.       Award the Plaintiff compensatory damages, consequential damages, and lost wages and benefits in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's wrongful actions;

5.       Award the Plaintiff his attorney fees, litigation expenses, and costs incurred as a result of this action;

6.       Award the Plaintiff pre-and post-judgement interest on all sums recoverable; and

7.       Grant such other relief as may be just and proper.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych*
Andrew Dutkanych, Ky Bar. No. 91190
144 N. Delaware St.
Indianapolis, IN 46204
Telephone:   (317) 991-4765
Facsimile:    (812) 424-1005
Email:        ad@bdlegal.com

Lauren E. Berger, IN Atty. No. 29826-19 (*pro hac vice motion forthcoming*)
411 Main Street
Evansville, Indiana 47708
Telephone:   (812) 424-1000
Facsimile:    (812) 424-1005
E-Mail:      lberger@bdlegal.com

*Counsel for Plaintiff, Shauna Gardner*

## DEMAND FOR JURY TRIAL

Plaintiff, Shauna Gardner, by counsel, request a trial by jury on all issues deemed so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych
Andrew Dutkanych, Ky Bar. No. 91190
144 N. Delaware St.
Indianapolis, IN 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

Lauren E. Berger, IN Atty. No. 29826-19 (*pro hac vice motion forthcoming*)
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
E-Mail: lberger@bdlegal.com

*Counsel for Plaintiff, Shauna Gardner*